ESTATE OF James LEE, Anthony Miller, and Terry Williams, Plaintiffs,

v.

ITT STANDARD and United Steelworkers Local 897, Defendants.

No. 98–CV–183A.

United States District Court, W.D. New York.

March 18, 2003.

Sanders & Sanders, Harvey P. Sanders, of Counsel, Amherst, for Plaintiffs.

Hodgson Russ Andrews Woods & Goodyear, LLP, Robert B. Conklin, and Adam W. Perry, of Counsel, Buffalo, for Defendant ITT Standard.

Law Offices of E. Joseph Giroux, Jr., Buffalo, for Defendant United Steelworkers Local 897.

DECISION AND ORDER

ARCARA, District Judge.

## INTRODUCTION

On March 17, 1998, plaintiffs, James Lee, Anthony Miller and Terry Williams, commenced this action against ITT Standard and the United Steelworkers Local 897 ("Union") alleging wrongful discharge based upon race and disability,[1] in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101, and the New York Hu-

---

1. The disability claims related only to plaintiffs Miller and Williams.

man Rights Law, N.Y. Exec. Law § 296 (N.Y.H.R.L.).

This case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1), on May 14, 1998. On November 15, 1999, defendants filed motions for summary judgment. On January 24, 2000, plaintiffs filed a response in opposition to the motion for summary judgment. Counsel for plaintiffs filed supplemental affidavits in opposition to the motions for summary judgment on March 22, 2000 and July 28, 2000. Defendant ITT Standard moved to strike plaintiffs' supplemental affidavits as untimely.

On March 20, 2001, Magistrate Judge Foschio filed a combined Report and Recommendation and a Decision and Order: (1) ordering that defendant ITT standard's motion to strike be granted in part and denied in part; (2) recommending that defendant ITT Standard's motion for summary judgment be granted as to plaintiffs Miller and Williams, but denied as to plaintiff Lee; and (3) recommending that the Union's motion for summary judgment be granted as to plaintiffs Miller and Williams, but denied as to plaintiff Lee. Both parties filed objections and the Court heard oral argument on July 27, 2001.

While a decision on the objections was pending, counsel for the defendant filed a suggestion upon the record of the death of plaintiff Lee. In a Decision and Order dated April 2, 2002, this Court denied the parties' objections to the Report and Recommendation and Decision and Order, and adopted Magistrate Judge Foschio's Report and Recommendation to the extent that it granted summary judgment in favor of the defendants as to the claims raised by plaintiffs Miller and Williams. As to the claims raised by plaintiff Lee, the Court reserved decision on the motion for summary judgment pending a motion for substitution of a party on behalf of plaintiff Lee.

On August 30, 2002, Sharlene Lee filed a motion as administrator of the estate of James Lee to be substituted as plaintiff in this action. On October 16, 2002, the Court granted the motion for substitution and substituted Sharlene Lee as plaintiff.[2]

Accordingly, currently before the Court are the defendants' objections to the Magistrate Judge's Report and Recommendation which recommended denying the motions for summary judgment as to plaintiff Lee.

### *DISCUSSION*

■ Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review, and after reviewing the submissions and hearing argument from the parties, the Court hereby adopts Magistrate Judge Foschio's recommendation that summary judgment be denied as to plaintiff Lee. The Magistrate Judge correctly concluded that material issues of fact exist as to whether Lee

---

2. In the meantime, while the motion for substitution was pending, defendant ITT Standard filed a motion to strike Lee's affidavit as hearsay in light of the fact that Lee is deceased. Counsel for Lee opposes the motion to strike. Even if the Court were to grant the motion to strike Lee's affidavit, the Court finds that there is sufficient non-hearsay evidence in the record to support the Magistrate Judge's finding that material issues of fact exist which preclude summary judgment. Accordingly, the Court finds it unnecessary to resolve the motion to strike. The Court also notes Lee's deposition testimony will be admissible at trial as an exception to the hearsay rule, *see* Fed.R.Evid. 804, and much of Lee's affidavit simply reiterates the testimony that was given during his deposition.

was unlawfully terminated by ITT Standard in March 1996 based upon his race.[3] More specifically, there is a material issue of fact as to whether ITT Standard's true reason for discharging Lee was based upon a violation of the Last Chance Agreement, as ITT Standard contends, or whether it was based in part upon intentional discrimination, as Lee claims. Lee provided evidence supporting his claim that similarly situated white employees were not terminated for leaving the premises without permission. The evidence was sufficient to create an issue of fact as to whether ITT Standard's proffered reason was merely a pretext for discrimination. *See Graham v. Long Island Rail Road,* 230 F.3d 34, 43 (2d Cir.2000) ("A showing that similarly situated employees belonging to a different racial group received more favorable treatment can also serve as evidence that the employer's proffered legitimate, non-discriminatory reason for the adverse job action was a pretext for racial discrimination.").

██ As to Lee's claims against the Union, the Magistrate Judge also correctly determined that material issues of fact exist as to whether the Union breached its duty of fair representation based upon a discriminatory motive. A jury could conclude that the Union's failure to arbitrate Lee's grievance (i.e. challenge whether Lee had in fact violated the terms of his Last Chance Agreement) constituted a breach of its duty of fair representation. A jury could also conclude that the Union's failure to do so was based upon a discriminatory animus.[4]

---

3. Lee concedes that his Last Chance Agreement bars any claim of wrongful discharge based upon his 1995 termination. *See* Doc. 50, at 4.

## CONCLUSION

Accordingly, the Court denies the defendants' motions for summary judgment as to plaintiff Lee for the reasons stated herein and in the Report and Recommendation.

IT IS SO ORDERED

---

4. The evidence provided by Lee indicating that Union officials had made racially biased remarks against African Americans was sufficient to create a question of fact as to whether the Union's decision was motivated by discrimination.